## ORMAN BROADWAY *vs.* JONATHAN BUXTON.

Where land conveyed by a deed with covenants of seizin and warranty, is de-scribed in the deed as bounded on one side by land of an adjoining proprietor, and the grantor shows to the grantee, during the negotiation and before the deed is given, what he states to be the divisional line, which proves to be beyond the true line and within the land of the adjoining proprietor, making the land conveyed less in extent than represented, the remedy of the grantee is wholly by a proceeding in equity to correct the deed, and not by an action on the covenant in the deed.

In an action on the covenants of seizin and warranty the liability of the cove-nantor must depend upon a fair construction of the deed itself, and can not-be enlarged or varied by evidence *aliunde.*

ACTION upon the covenants of seizin and warranty in a deed; brought to the Court of Common Pleas of Fairfield County. The defendant denied the breach of the covenants. The case was tried to the court before *De Forest, J.*

Upon the trial the plaintiff offered his deed in evidence, containing the covenants of warranty and seizin for a breach of which the action was brought. The deed was executed by the defendant, was dated December 27th, 1859, and purported to convey to the plaintiff two tracts of land, the second of which was described as "containing sixty acres, more or less," and as bounded "west by land of Calvin Hoyt, John L. C. Hoyt, Alva June, and land of Ira Scofield." It appeared that the lands mentioned as bounding the property on the west, did not extend the whole length of the western boundary of the property, but that it was also bounded in part on the west by land of one Greenleaf W. Young, and that that portion of the western boundary was in no manner set out in the deed. The true boundary line between the land of Young and the premises actually owned by the defendant when the deed was executed, had been fixed, under proceedings for establishing lost boundaries, by a decree of the Superior Court and by a judgment of the Court of Common Pleas in an action of tres-pass brought by Young against the present plaintiff; the decree having been obtained and the judgment rendered long after the execution of the deed.

At the time of the execution of the deed there was and still is a fence, partly of stone and partly of brush, running in the main north and south, some rods west of the true boundary line, and there was at that time no fence in the place of the true line. The plaintiff claimed that, when the deed was executed, both the grantor and grantee had in mind and intended as the property conveyed, and as covered by the covenants in the deed, the entire tract of land extending up to the fence, and that in fact the covenants did embrace the tract contained between the true boundary line and the fence; and for the purpose of proving this fact offered parol evidence that before the deed was executed, while the parties were negotiating for the purchase and sale of the premises, the defendant went upon the premises with the plaintiff and pointed out the fence to him as the true western boundary line of that part of the premises, and then and there stated to the plaintiff that the fence was the true boundary line; and offered further parol evidence to show that, since the execution of the deed, the defendant had said that he sold to the plaintiff the land up to the fence; and further offered record evidence to show that, since the execution of the deed, the tract of land between the fence and the true boundary line had been legally decided to have been, at the time the deed was executed, the property of persons other than the grantor, and that the plaintiff had been evicted therefrom.

To all of this parol evidence and to all evidence of the existence, at the time the deed was executed, of the fence in question, the defendant objected, on the ground that there was no latent ambiguity in the deed concerning the boundaries of the property conveyed, and the seizin and enjoyment of which was thereby covenanted and warranted, and that the court could ascertain the true quantity and extent of the property covered by the covenants in the deed, by the terms of the deed, and by the necessary intendment that, all other sides being expressly bounded in the deed, the part of the western boundary which was not given expressly in the deed must be regarded as running along the first well-defined boundary of adjoining property on the west; and that the

boundary fixed by the decree of the Superior Court constituted such well-defined boundary, and was applicable to, and must be observed in, the construction of the deed.

The court overruled the defendant's objections, and admitted the evidence, and found as matter of fact that when the deed was executed both the grantor and grantee intended as the premises conveyed by the deed and as covered by the covenants in it the entire tract of land up to the fence in question; and also found that the plaintiff had been evicted from that portion of the tract lying between the fence and the true boundary as fixed by the decree of the Superior Court; and thereupon rendered judgment for the plaintiff to recover of the defendant the sum of twenty-five dollars damages with costs.

The defendant moved for a new trial, for error in the rulings and decision of the court.

*J. B. Curtis* and *S. Fessenden*, in support of the motion.

1.　There is an entire omission in the deed in regard to the boundary along the Young land. This omission cannot be supplied by parol, for it is well established that in a deed, where the person or estate is left altogether blank, no parol evidence, however strong, will be allowed to fill up the blank. *Miller* v. *Travers*, 8 Bing., 244; 2 Phill. Ev. (C. & H. ed.,) 761. If the plaintiff's claim is correct, that the defendant intended to convey the land in question, but omitted it in the description, it is a mistake which a court of equity only can correct, and parol evidence is inadmissible for that purpose. 2 Phill. Ev. (C. & H. ed.,) 766; *Bunnell* v. *Read*, 21 Conn., 586; *Peaslee* v. *Gee*, 19 N. Hamp., 273; *Seaver* v. *Jones*, 43 id., 441. It is clearly not a case of latent ambiguity.

2.　But even if there is a remedy at law, under this form of action, the court must resort to a rule of construction, and not to parol evidence, in order to ascertain the intention of the parties, and obviate the mistake in the deed. In the case of *Commonwealth* v. *Roxbury*, 9 Gray, 490, the court adopted a rule which is applicable to the case at bar, namely, that a deed is not to be held void for uncertainty because one

of the boundaries is not fully expressed, where by reasonable intendment it can be ascertained from the deed what was considered and intended by both parties to be embraced in the description. The obvious and legal course is, to lay down a plan of the land according to ascertained boundaries, abutments and monuments, on the ascertained sides, and thus see where the remaining side would come; if it terminate on the sea or salt water, on a highway or public common, or on a well established line of private property, such deficient line will be supplied by necessary intendment, and the instrument is to be read as if it were so expressed. 3 Washb. R. Prop. (3d ed.,) 350; *Van Gorden* v. *Jackson*, 5 Johns., 474; *Hicks* v. *Coleman*, 25 Cal., 142. Here there is a well-defined line of private property, and there is no difficulty in applying the principle.

3. If the line had been correctly described in the deed, the defendant by going upon the land and pointing out another line could not vary the description in the deed; and where there is an entire omission in the description of the boundary, and such boundary is supplied by intendment, the defendant cannot vary the construction by pointing out an entirely different line from the one supplied by such intendment. *Scofield* v. *Lockwood*, 35 Conn., 425, 429; *Drew* v. *Swift*, 46 N. York, 204.

*J. H. Olmstead*, contra.

1. There is a latent ambiguity in the deed with regard to a part of the western boundary. A latent ambiguity is that which seemeth certain and without ambiguity, for anything that appeareth upon the deed or instrument; but there is some collateral matter out of the deed that breedeth the ambiguity, or it is that which arises from some collateral circumstance or extrinsic matter where the instrument itself is sufficiently certain and intelligible. 1 Greenl. Ev., § 297; Bouvier's Law Dict., "Ambiguity." The tract of land deeded to the plaintiff is bounded west by land of Calvin Hoyt and John L. C. Hoyt, Alva June and Ira Scofield. It does not appear from the deed but that the land of these four persons

extended the whole length of the western boundary. This
fact appears only from extrinsic and collateral matters outside
of the deed. This is therefore a latent ambiguity, and parol
evidence of the facts that go to show that the land given as
the western boundary does not extend the whole length of the
same, is admissible. And if there is a latent ambiguity
with regard to a part of the western boundary, certainly
parol evidence of what was said and done between the parties
just before, and while the contract was being made, as show-
ing the intention of the parties, is admissible.

2. The parol evidence was not received to contradict or
vary anything contained in the deed, but merely to explain
and fix the intent of the parties, which is ambiguous. For
that purpose it was admissible. *Waterman* v. *Johnson*, 13
Pick., 261. As no monuments are referred to, parol evidence
to show where the line was declared to be was admissible,
especially that an ancient stone wall existed, that had re-
mained there time out of mind, and which was declared by
the defendant to be the boundary. *Chamberlain* v. *Crane*, 1
N. Hamp., 64; *Hall* v. *Davis*, 36 id., 573 ; *Stone* v. *Clark*,
1 Met., 378; *Slater* v. *Rawson*, id., 455; *Adams* v. *Frothing-
ham*, 3 Mass., 361; *Codman* v. *Winslow*, 10 id., 149; *Leland*
v. *Stone*, 10 id., 459, 463; *Choate* v. *Burnham*, 7 Pick., 278;
*Clark* v. *Munyan*, 22 id., 410; *Crafts* v. *Hibbard*, 4 Met., 438;
*Wooster* v. *Butler*, 13 Conn., 318; *Bradley* v. *Steam Packet
Co.*, 13 Pet., 89; *Jackson* v. *Britton*, 4 Wend., 507; *Fish* v.
*Hubbard's Admrs.*, 21 id., 651.

3. The defendant had told the plaintiff, just before the
deed was given, and at the time the contract was being made,
that this ancient stone wall was the western boundary, and
the parol evidence claimed to be inadmissible by the defend-
ant, and admitted by the court, was admissible to show an
estoppel. If by these declarations the plaintiff had been made
to believe that this ancient stone wall was the western bound-
ary, and the deed left the matter in doubt, as shown by extrin-
sic and collateral matters, the defendant was clearly estopped
from denying that he sold to this stone wall. And if so,
certainly declarations made after the deed was given that he,

the defendant, sold up to the wall, are admissible as confirming the previous declarations. *Brown* v. *Wheeler*, 17 Conn., 346, 353.

FOSTER, J. Certain parol evidence was offered by the plaintiff in this case, and admitted by the court, against the objection of the defendant. The question is, was that evidence properly admitted.

The action is brought on the covenants of seizin and warranty, in a deed of lands in the usual form, given by the defendant to the plaintiff, dated the 27th of December, 1859. This deed comprised two tracts of land, and the present controversy arises on the second tract specified in the deed, described as containing sixty acres, more or less. The western boundary of this tract, that boundary being the only one on which any question is raised, is thus given in the deed: "And west by land of Calvin Hoyt and John L. C. Hoyt, Alva June, and land of Ira Scofield."

As the western boundary of this tract is given, it would seem that the lands of the four proprietors named extended along the entire length of that boundary line. It is found, and indeed is admitted, that such was not the case. One Greenleaf W. Young was also an owner of land abutting for several rods upon this land on the west. Since the giving of this deed to the plaintiff, in 1859, the true divisional line between said Young's land and the land conveyed to the plaintiff, has been legally ascertained and determined. The plaintiff claims that by this line, as thus established, he is dispossessed and evicted of a strip of land which was covered by the deed of the defendant to him; and that so the defendant has become liable to him on the covenants in his deed. To support this claim, the plaintiff offered parol evidence to prove, that prior to completing the contract for purchasing the land, and prior to the giving of the deed, the parties went upon the premises, and the defendant pointed out a line of fence, constructed partly of stone and partly of brush, running generally in a northerly and southerly direction, as being in the western boundary line of the land proposed to be conveyed.

This line of fence is from one to two rods, more or less, westerly of the line now established as the true divisional line between said Young's land and the plaintiff's land. It is for the loss of this strip of land, consequent upon establishing the boundary line so much farther to the east than the plaintiff had anticipated, that he now seeks redress.

As this is an action at law on a sealed instrument, the intent of the parties must be gathered from the instrument itself, not from any parol evidence. This principle is so familiar that the bare statement of it is sufficient. The language of this deed is clear and unambiguous. The western boundary of the land conveyed is the eastern line of the adjacent proprietors; those lands, by the express terms of the deed, being made the plaintiff's western boundary. No line of fence, no visible monuments, are referred to as boundaries, and to interpolate them as such, by parol, would clearly affect and vary the meaning of that instrument. Such a course is clearly inadmissible.

If the plaintiff has been led into error, if he has been deceived or imposed upon by representations of the defendant as to the western boundary of the land contracted for, and that it extended to a line of fence pointed out which would give him more land than his deed covers, an action on the covenants can afford no remedy; resort must be had to a court of equity to correct the deed, and make it conform to the intent and agreement of the parties. The liability of the defendant, meantime, upon his covenants, must depend upon a fair construction of the deed itself, and cannot be varied or enlarged by any evidence dehors that instrument.

The parol evidence was improperly admitted, and a new trial is granted.

In this opinion the other judges concurred.